

In The

# Court of Appeals

## Seventh District of Texas at Amarillo

_____

No. 07-17-00162-CR

_____

TAYLOR WHITE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from County Court At Law Number One
Potter County, Texas
Trial Court No. 145,264; Honorable Richard Dambold, Presiding

March 2, 2018

# MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Following a plea of not guilty, Appellant, Taylor White, was convicted by a jury of assault.[1]  Punishment was assessed by the trial court at 120 days confinement in the

---

[1] TEX. PENAL CODE ANN. § 22.01(a) (West Supp. 2017).  An offense under this section is punishable as a Class A misdemeanor.

county jail and a $500 fine.  In presenting this appeal, counsel has filed an *Anders*[2] brief in support of a motion to withdraw.  We affirm and grant counsel's motion to withdraw.

In support of his motion to withdraw, counsel certifies he has conducted a conscientious examination of the record, and in his opinion, it reflects no potentially plausible basis for reversal of Appellant's conviction.  *Anders v. California*, 386 U.S. 738, 744-45, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008).   Counsel candidly discusses why, under the controlling authorities, the record supports that conclusion.  *See High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978).   Counsel has demonstrated that he has complied with the requirements of *Anders* and *In re Schulman* by (1) providing a copy of the brief to Appellant, (2) notifying him of the right to file a *pro se* response if he desired to do so, and (3) informing him of the right to file a *pro se* petition for discretionary review.  *In re Schulman*, 252 S.W.3d at 408.[3]  By letter, this court granted Appellant an opportunity to exercise his right to file a response to counsel's brief, should he be so inclined.  *Id.* at 409 n.23.  Appellant did not file a response.  Neither did the State favor us with a brief.

---

[2] *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

[3] Notwithstanding that Appellant was informed of his right to file a *pro se* petition for discretionary review upon execution of the *Trial Court's Certification of Defendant's Right of Appeal*, counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure which provides that counsel shall within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment together with notification of his right to file a *pro se* petition for discretionary review.  *In re Schulman*, 252 S.W.3d at 408 n.22, 411 n.35.  The duty to send the client a copy of this court's decision is an informational one, not a representational one.  It is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw.  *Id.* at 411 n.33.

BACKGROUND

Appellant and the victim had been in an on-again-off-again dating relationship for approximately two years.[4] On the night of the assault, they had been out with friends and both had drunk too much alcohol. To avoid arguing with Appellant, the victim left a bar and was looking for a ride home. When she was unable to find a ride, she accepted Appellant's offer to drive her home. On the way to her house, she and Appellant began arguing. When they arrived, they exited the car and Appellant shoved her down to the ground. He then drove off and she ran down the street and through an alley to enter her house. When she entered, Appellant had returned and was waiting inside.

The victim testified that her and Appellant's argument became physical and she suffered some scratches on her arm that hurt. She also testified to receiving a scrape on her elbow during the altercation. While Appellant was smashing things in her home, she ran to her neighbor's house to call 911 because Appellant had thrown her phone into the fireplace.

Two uniformed officers were dispatched to the scene. Both officers testified at trial that upon arriving, they heard loud screams, and through an open door, they saw Appellant smash a bookcase. One of the officers described the victim's house as "completely ransacked." The officer described items scattered throughout including smashed condiment bottles.

---

[4] Although the *Information* alleged the victim "was a member of the defendant's family or a member of the defendant's household or a person with whom the defendant had or had had a dating relationship," no attempt was made by the State to establish that this offense was punishable as a third-degree felony pursuant to the provisions of TEX. PENAL CODE ANN. § 22.01(b)(2) (West Supp. 2017). Accordingly, the offense was tried and submitted to the jury as a Class A misdemeanor assault.

Appellant hurriedly exited the house where he encountered the responding officers. He struggled with them. He was subdued with a taser and pepper spray and subsequently handcuffed. He was charged with assault.

A few days after the incident, the victim asked to have the charges against Appellant dropped because she still loved him. They reconciled for a short time after the incident. During her cross-examination, she admitted that Appellant's conduct "scared [her] half to death" but claimed she was not really injured. She did, however, testify to receiving scratches during the altercation but could not recall exactly how.

During the punishment phase, the State reoffered the evidence from the guilt/innocence phase. The State and Appellant stipulated to three prior convictions, none of which elevated the offense to a third-degree felony.[5] Appellant testified during the punishment phase. He disputed that he and the victim were in an abusive relationship but attributed the "isolated incident" that led to his conviction to the victim's alcoholism. He claimed the victim was the aggressor and hit him first. He explained that he entered her house that night because she had asked him to get his things out.

The State argued against community supervision and recommended a sentence of 180 days confinement and a $1,000 fine. Defense counsel argued that the victim overdramatized the incident and because the parties were no longer together, the issues between them were resolved. He asked the trial court for leniency. Appellant's sentence and fine were less than what the State recommended.

---

[5] *See* TEX. PENAL CODE ANN. § 22.01(b)(2)(A) (West Supp. 2017).

4

ANALYSIS

Misdemeanor assault requires the State to prove that a defendant intentionally, knowingly, or recklessly caused bodily injury to the victim. TEX. PENAL CODE ANN. § 22.01(a) (West Supp. 2017). "Bodily injury" is defined as physical pain, illness, or any impairment of physical condition. § 1.07(8).

In the underlying case, the State established that Appellant intentionally, knowingly, or recklessly inflicted bodily injury on the victim. The jury, as the trier of fact, was free to resolve any inconsistencies in the victim's testimony in favor of the verdict. *See Curry v. State*, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

By the *Anders* brief, counsel evaluates the entire case from pretrial proceedings, the phases of a jury trial, and the punishment phase. He then concludes there are no arguable issues to advance on appeal that would entitle Appellant to a reversal of his conviction.

We have also independently examined the record to determine whether there are any non-frivolous issues which might support the appeal. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We have found no such issues. *See Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). After reviewing the record and counsel's brief, we agree with counsel that there is no plausible basis for reversal of Appellant's conviction. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

CONCLUSION

Accordingly, the trial court's judgment is affirmed and counsel's motion to withdraw is granted.

Patrick A. Pirtle
Justice

Do not publish.